**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-03112-LTB-CBS

ZIMMER SPINE, INC.,

    Plaintiff,

vs.

EBI, LLC (d/b/a Biomet Spine, Biomet Trauma, Biomet Bracing, and Biomet Osteobiologics), and
ADAM VERI,

    Defendants.

_____

**STIPULATION AND ORDER GOVERNING**
**THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**
_____

**IT IS HEREBY STIPULATED AND AGREED,** pursuant to Federal Rule of Civil Procedure 26(c), by and between counsel for Zimmer Spine, Inc. ("Zimmer Spine"), and for EBI, LLC ("EBI") and Adam Veri ("Veri"), subject to the approval of the Court, that the following Stipulation and Order Governing the Protection and Exchange of Confidential Material ("Protective Order") shall be applicable to and govern the handling of all documents or other material disclosed, depositions, deposition exhibits, interrogatory responses, admissions, affidavits, and any other information produced, given, or exchanged by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Documents and Material"), and also shall govern the filing of certain information under seal.

1.   Pursuant to the terms of this Protective Order, the party disclosing Documents and Material ("Designating Party") may designate such Documents and Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" ("Confidential Material"). A Designating Party may designate any Documents and Material it produces during discovery, or otherwise discloses in the Litigation, as CONFIDENTIAL, if the Designating Party has a good faith belief that such Documents and Material are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure and contain non-public information relating to:

   (a)   damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins for products);

   (b)   information that specifically identifies customers; or

   (c)   all other information held as a trade secret.

A Designating Party may designate any Documents and Material it produces during discovery, or otherwise discloses in the Litigation, as CONFIDENTIAL – ATTORNEY'S EYES ONLY, if the Designating Party has a good faith belief that such Documents and Material are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure and contain non-public information relating to:

   (a)   financial information;

   (b)   recent ongoing business and marketing plans and strategies, including, specifically, draft, current, or future projections and budgets;

   (c)   current financial or tax data;

   (d)   information relating to the manufacture, sale, or performance of products;

   (e)   costs and pricing of goods and services;

    (f)  current or ongoing financial results, plans and projections;

    (g)  customer account information;

    (h)  confidential portions, if any, of minutes of meetings;

    (i)  submissions to regulatory and self-regulatory organizations; or

    (j)  business or asset appraisal or valuation information.

Any party may also apply for an order to supplement the foregoing categories of Confidential Material for good cause shown.

  2.  Documents and Material marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be used solely for the purposes of the Litigation, including complying with any Orders of the Court in the Litigation, and shall not be used for any other purposes including without limitation, any business, proprietary or commercial purpose. Notwithstanding the foregoing, Documents and Material produced in the Litigation shall also be deemed to be simultaneously produced in, and may be used for purposes of, *Zimmer Spine, Inc. v. Pro Medical, LLC et al.*, Case No. 1:10-cv-4725, pending in the United States District Court for the District of Minnesota (the "Minnesota Litigation"), subject to the terms and conditions of the protective order entered in the Minnesota Litigation.

  3.  Parties or third parties shall designate Confidential Material by placing the following legend: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" on the first or on each page of the document. The CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation, as applicable, shall apply for purposes of both this Litigation and the Minnesota Litigation, unless the Designating Party specifies that different designations shall apply in the two cases. A Designating Party may specify differing

designations to apply to Confidential Material for purposes of this Litigation and the Minnesota Litigation by placing the applicable legends on the Confidential Material and further placing either an "(CO)" following the designation applicable in this Litigation, and a "(MN)" following the designation applicable in the Minnesota Litigation.  For example, in order to designate a Document as CONFIDENTIAL in this Litigation, and CONFIDENTIAL – ATTORNEY'S EYES ONLY in the Minnesota Litigation, the Document shall bear the legend "CONFIDENTIAL (CO) /  CONFIDENTIAL – ATTORNEY'S EYES ONLY (MN)."

4. Documents and Material produced during discovery shall be treated as if designated CONFIDENTIAL for a period of seven (7) business days after receipt of the production to allow any party receiving the Documents and Material (a "Receiving Party") to review and designate as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY any of its Confidential Material that may be contained in the production.  The initial non-designation of Documents and Material by the producing party in accordance with this paragraph shall not preclude any party or third party, at a later date, from designating such materials CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY in accordance with paragraph 6 below.

5. Deposition transcripts, or portions thereof (including exhibits), may be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY (a) by a statement to such effect on the record in the course of the deposition; or (b) upon review of such transcript by counsel for the party or third party to whose Confidential Material the deponent has had access, within three (3) days of receipt of the final deposition transcript.  The entire deposition transcript shall be treated as CONFIDENTIAL for three (3) days after receipt of the final deposition

transcript unless the Designating Party has earlier indicated a different designation. If the designation is made on the record during the deposition, the court reporter shall be instructed to separately bind the portions of the transcript and exhibits containing Confidential Material and to mark the front page of any deposition containing confidential information as follows: "CONTAINS CONFIDENTIAL INFORMATION," or "CONTAINS CONFIDENTIAL – ATTORNEY'S EYES ONLY," as designated. The Designating Party may also request that all persons other than the reporter, counsel, and individuals specified in the Protective Order as having access to such information leave the deposition room during the designated confidential portion of the deposition. If the designation is made after receipt of the transcript, the Designating Party shall list the numbers of the pages and lines of the transcript containing Confidential Material, insert the list at the end of the transcript, and transmit copies of the list to all parties or third parties so that it may be affixed to the face of the transcript and each copy thereof. Upon receipt of such designation, the transcript thereafter shall be treated in accordance with the designation. If no such designation is made within three (3) business days after receipt of the final transcript, the transcript shall be considered not to contain any Confidential Material.

6. Production of any Discovery Materials without a designation of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY shall not itself be deemed a waiver of any party's claim of confidentiality as to such matter. The initial failure to designate Documents and Material in accordance with this Protective Order shall not preclude any party or third party, at a later date, from designating such materials CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY. In the event that a party or third party inadvertently produces Documents and Material that falls within any of the categories discussed

above without designating the materials CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY at the time of production, that party may designate those materials CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by providing all Receiving Parties, promptly upon discovery of its oversight, with written notice of the error and by substituting appropriately-designated documents.  Upon receipt of such notice, the Receiving Parties shall thereafter treat the information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Protective Order, and, if such information has been previously disclosed to persons not qualified pursuant to this Protective Order, shall take reasonable steps to obtain all previously disclosed information and return or destroy the improperly-designated documents.  Counsel for the parties shall, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information.

7. If information (documents or other information) subject to a claim of attorney-client privilege, attorney work product or any other ground upon which production of such information may be withheld from any party is nevertheless inadvertently produced to such parties, the production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or any other ground for withholding production to which the producing party would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, the Receiving Parties shall promptly return to the claiming party that material as to which the claim of inadvertent production has been made (including all copies thereof) and no use shall be

made of such documents or other information for any purpose. The parties returning such material may then move the Court for an order compelling production of this material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production or the substance (as opposed to the type or nature) of the material.

8. Access to Documents and Material marked as CONFIDENTIAL shall be limited to:

(i) the Court and its staff;

(ii) outside counsel and in-house counsel involved in the Litigation and all paralegal assistants, stenographic and clerical employees under the direct supervision of such counsel, who counsel reasonably and in good faith believe need access to said information for purposes of the Litigation or in order to comply with any Orders of the Court in the Litigation;

(iii) the parties, and any employees, officers, or directors of any party to this Litigation (not including those in-house counsel referenced in (ii) above) who in-house or outside counsel for the receiving party reasonably and in good faith believes need access to said information for purposes of the Litigation or in order to comply with any Orders of the Court in the Litigation;

(iv) persons shown from the face of the document, or from other documents or testimony, to have authored or received the Confidential Material;

(v) any person of whom testimony is noticed to be taken, provided that there is a reasonable basis for such disclosure and that such person may only be shown

Confidential Material during or in preparation for his or her testimony, and may not retain any such information;

(vi) court reporting personnel involved in taking or transcribing testimony in this Litigation, duplicating services, and auxiliary services of a like nature, routinely engaged by counsel;

(vii) any person that the Court designates in the interest of justice, upon terms that the Court deems proper; and

(viii) independent experts or consultants retained by the receiving party or its in-house and outside counsel for assistance in the Litigation.

Information designated as CONFIDENTIAL – ATTORNEY'S EYES ONLY may be disclosed to the persons identified in (i)-(ii) and (iv)-(viii), but may not be disclosed to the persons identified in (iii); provided however that such information may be disclosed to a person identified in (iii) if that person independently qualifies for access to such information under (v).

Every person given access to Confidential Material or information contained therein shall be advised that the information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof.

9. The persons described in subparagraphs 8(viii) shall have access to Confidential Material only after they have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Undertaking Regarding Confidential Material Subject To Protective Order ("Undertaking"), attached hereto as Exhibit A. Opposing counsel shall be notified at least seven (7) days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the

party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within seven (7) days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.  Executed Undertakings shall be held by the counsel providing the Confidential Material.  Upon written request to a party, copies of the executed Undertakings maintained by that party's counsel shall be produced to the requesting party, except for those Undertaking executed by consulting experts.  If the party being requested to produce copies of executed Undertakings believes that providing such Undertakings would disclose the identity of consulting experts, that party will advise the requesting party of the existence and number of such Undertakings executed by consulting experts.  Nothing in this Protective Order shall be construed to prevent the requesting party from contesting the claim of protection with respect to the Undertakings executed by consulting experts to the Court.

10. If any interrogatory seeks information or material that falls within any of the categories listed in paragraph 1 of this Protective Order, the party answering such interrogatory shall answer the interrogatory separately from the other interrogatories with which it was served and shall designate such separate answer as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by so marking the pages containing the answer.  An interrogatory answer that is designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be maintained separately and shall be retained by counsel, unless filed, in which event it shall be filed pursuant to the provisions of paragraph 15 below.

11.     Recipients of any Confidential Material provided under this Protective Order shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information, but in no event less than reasonable care.

12.     No person who receives or is given access to any Confidential Material may disclose such information to any other person not entitled, pursuant to this Protective Order, to receive it.  If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other parties, and without prejudice to other rights and remedies of the parties, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.     To the extent that a third party so desires, a third party may designate information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, as those terms are defined by this Protective Order, pursuant to the provisions of this Protective Order, if that party agrees in writing to be bound by the terms of this Protective Order.  Third parties who produce documents pursuant to this Protective Order shall have the benefits of this Protective Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.  All documents produced by such third parties shall be treated as CONFIDENTIAL for a period of 7 days from the date of their production, and during that period any Receiving Party may designate such documents as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to the terms of the Protective Order.

14. If any Receiving Party disagrees with the designation of any Confidential Material, such party shall provide to the Designating Party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as Confidential Material under the standards applicable to Fed. R. Civ. P. 26(c) is on the Designating Party, who shall cooperate in the scheduling of a hearing on any application to remove the confidentiality designation. Until the Court rules on the motion, the material shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY as originally designated.

15. Any party wishing to file with the Court Documents and Material that have been designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to this Protective Order shall file said pleading or document under seal in compliance with the Local Rules for the District of Colorado.

16. Nothing in this Protective Order shall limit or restrict any party from using Confidential Material at a trial or any hearing, but this use of Confidential Material is without prejudice to the right of any Designating Party to seek further protections from the Court.

17. Counsel may seek permission from the Court to designate a transcript of court proceedings or a portion thereof as Confidential Material pursuant to the procedures of paragraph 3 herein.

18. If any party or third party that receives Confidential Material is served with a subpoena in another action or proceeding, served with a document demand, or otherwise

requested to provide material which seeks the discovery of materials designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by any Designating Party, the party receiving the subpoena, document demand, or request shall give written notice as soon as reasonably practicable of receipt of such subpoena or demand to the Designating Party. If the Designating Party timely seeks a protective order, the party receiving the subpoena, document demand, or request shall decline to produce the Confidential Material prior to receiving a Court Order or the consent of the Designating Party, unless the party reasonably believes in good faith that such failure to produce may result in the imposition of any penalty for non-compliance with the subpoena or demand. Should action be taken against the party receiving the subpoena, document demand, or request to enforce such subpoena or demand, the party shall respond by setting forth the existence of this Protective Order and shall thereafter be under no further obligation to oppose such subpoena or demand. Nothing herein shall be construed so as to require any party to challenge or appeal any order requiring the production of Confidential Materials by another party, or to subject itself to any penalties for non-compliance with any judicial order, or to seek any relief from this Court.

19.    Nothing in this Protective Order shall preclude any party to the Litigation, its counsel or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in the Litigation, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in the Litigation and designated as Confidential Material.

20. Nothing in this Protective Order shall preclude any party to the Litigation or its counsel from disclosing or using, in any manner or for any purpose in the Litigation or otherwise, the party's own information or documents which the party itself has designated as Confidential Material. To the extent such disclosure or use is inconsistent with the materials being designated as Confidential Material (e.g., the materials are made known to the public), the disclosing party shall immediately inform the other parties that these items should no longer be designated as Confidential Material.

21. The fact that information is or is not designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by the disclosing party shall not constitute an admission as to the status or significance of such information, nor shall that fact otherwise be used as evidence, for the purpose of any adjudication on the merits in the Litigation, to show that such information is or is not confidential, proprietary, and/or a trade secret. Entering into, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material;

(c)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(d)     prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Material should be subject to the terms of this Protective Order;

(e)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(f)     prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material; or

(g)     be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

22.     In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Material until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

23.     Within thirty (30) calendar days of the termination of the Litigation, all Confidential Material and all copies thereof either shall be (a) returned to the party which produced it at the producing party's expense or (b) destroyed. If the documents are destroyed, a

certification of destruction signed by counsel shall be provided to the producing party within ten (10) calendar days of the destruction of the documents.  Counsel shall be entitled to retain a set of all documents filed with the Court, all deposition transcripts, and all correspondence generated in connection with the action.  This provision shall not apply to materials filed with the Court.

24.     The terms of this Protective Order shall survive and remain in full force and effect after the termination of this Litigation.

25.     This Protective Order is without prejudice to the right of any party to seek further relief from the Court upon good cause shown.  The parties may reach an agreement to modify the times and dates set forth in this Protective Order without the need to obtain consent of the Court.

26.     The Court shall have the authority, upon request of any party, to enforce the provisions of this Protective Order.

27.     This Protective Order shall be binding on the parties and in full force and effect at the time the parties execute it, pending approval by Order of the Court.  No provision in this Protective Order supersedes or amends any part of any other agreements entered into by the parties in connection with the Litigation.

| | |
|---|---|
| DATED: October 12, 2011 | IT IS SO STIPULATED: |

| | |
|---|---|
| */s/ Bruce A. Featherstone* | */s/ David. H. Stacy* |
| Bruce A. Featherstone | David H. Stacy |
| FEATHERSTONE PETRIE DESISTO LLP | KELLY, STACY, & RITA, LLC |
| 600 Seventeenth Street, Suite 2400-S | 1401 17th Street, Suite 925 |
| Denver, Colorado 80202-5424 | Denver, CO 80202 |
| Telephone: (303) 626-7100 | Telephone: (720) 236-1802 |
| Facsimile: (303) 626-7101 | Facsimile: (720) 236-1799 |
| bfeatherstone@featherstonelaw.com | dstacy@kellystacylaw.com |
| | |
| Dennis L. Murphy | Michael P. Roche |
| JONES DAY | Shane W. Blackstone |
| North Point | WINSTON & STRAWN LLP |
| 901 Lakeside Avenue | 35 W. Wacker Drive |
| Cleveland, Ohio 44114 | Chicago, Illinois 60601 |
| Telephone: (216) 586-3939 | Telephone: 312-558-5600 |
| Facsimile:  (216) 586-0212 | Facsimile:  312-558-5700 |
| dlmurphy@jonesday.com | |
| | ***Attorneys for Defendants EBI, LLC and*** |
| ***Attorneys for Plaintiff Zimmer Spine, Inc.*** | ***Adam Veri*** |

DATED at Denver, Colorado, this 19th day of October, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  10-CV-03112-LTB-CBS

ZIMMER SPINE, INC.,

    Plaintiff,

vs.

EBI, LLC (d/b/a Biomet Spine, Biomet Trauma, Biomet Bracing,
and Biomet Osteobiologics) and
ADAM VERI,

    Defendants.

_____

## UNDERTAKING REGARDING CONFIDENTIAL MATERIAL
## SUBJECT TO PROTECTIVE ORDER
_____

    I, _____, employed by _____, hereby acknowledge that I have read the Stipulation and Order Governing the Protection and Exchange of Confidential Material ("Protective Order"), entered on _____, 2011, in the above-captioned action, that I understand the terms thereof, and that I agree to be bound by such terms.  I further agree to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the terms of the Protective Order referenced above.

Executed on _____, 2011    _____
                                                         Name (Print):
                                                         Address: